# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

YVONNE FORTKAMP,

        Plaintiff,    :    Case No. 3:15-cv-034

                              District Judge Walter Herbert Rice
- vs -                           Magistrate Judge Michael R. Merz

JUDGE JEFFREY R. INGRAHAM,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

Yvonne Fortkamp, a resident of Fort Recovery in Mercer County, Ohio, brings this action against The Honorable Jeffrey R. Ingraham, Judge of the Common Pleas Court of Mercer County, Ohio, in his individual and official capacities to recover damages she allegedly suffered as a result of Judge Ingraham's conduct[1].

Ms. Fortkamp is proceeding *pro se* and was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or

---

[1] While Ms. Fortkamp sometimes uses the plural "defendants," Judge Ingraham is the only person named in the Complaint.

1

>(B) the action or appeal --
>(i) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

This case is improperly filed in this Court.  Mercer County, Ohio, is within the territory of the Western Division of the United States District Court for the Northern District of Ohio.  28 U.S.C. § 115(a)(2).  Therefore the proper venue for this action is in the District Court for that District and Division at Toledo.  Although this Court could transfer the action to Toledo, it seems to be in the interest of judicial economy to deal with it here because Ms. Fortkamp has another pending case in this Court which apparently concerns the same transaction in Mercer County Common Pleas.

Ms. Fortkamp's **factual** allegations against Judge Ingraham, as opposed to the lengthy set of conclusory legal allegations she makes, all relate to his conduct in a case in his court brought against Ms. Fortkamp relating to her purchase of her residence.  That is, Ms. Fortkamp alleges Judge Ingraham proceeded in a case in his court after Ms. Fortkamp had removed the case to this Court (Complaint, Doc. No. 1-2, PageID[2] 7.)

**Official Capacity Claim**

To the extent Ms. Fortkamp seeks damages against Judge Ingraham in his official capacity, her suit is barred by the the Eleventh Amendment to the United States Constitution which provides:

---

[2] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

3

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

The Amendment was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793).  It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).  This bar against suit also extends to state officials acting in their official capacities.  *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  An Ohio common pleas court is not a segment of county government, but an arm of the State for purposes of § 1983 liability and the Eleventh Amendment.  *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).  Thus to the extent Ms. Fortkamp seeks damages against Judge Ingraham in his official capacity, this Court's exercise of subject matter jurisdiction is barred by the Eleventh Amendment.

**Individual Capacity Claim**

To the extent Ms. Fortkamp seeks damages against Judge Ingraham in his personal or individual capacity, her claims are barred by absolute judicial immunity.  The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S.

335, 355 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). "The doctrine of judicial immunity exists 'not for the protection of a malicious or corrupt judge' but for 'the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequence.'" *King v. McCree,* 573 Fed. Appx. 430 (6th Cir. July 21, 2014), quoting *Pierson*.

While immunity does not encompass administrative acts of judges, *Forrester v. White*, 484 U.S. 219 (1988), it does extend even to a case where a judge is alleged to have ordered police to use excessive force to bring a public defender before the court since the act allegedly done was within judicial capacity and in aid of jurisdiction. *Mireles v. Waco,* 502 U.S. 9 (1991). When a plaintiff alleges that a judge acted in a non-judicial capacity, the Sixth Circuit relies "on a functional analysis to determine which acts are protected, meaning that one must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" *Mann v. Conlin*, 22 F.3d 100 (6th Cir. 1994), *quoting Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)(*quoting Forrester*, 484 U.S. at 227). "Paradigmatic judicial acts' are those that involve resolution of disputes "between parties who have invoked the jurisdiction of a court...." *Forrester,* 484 U.S. at 227.

**Removal Claim**

The gravamen of Ms. Fortkamp's complaint appears to be that Judge Ingraham proceeded with his case involving her residence after she had allegedly removed that case to this Court. She refers in her Complaint a "copy of the Notice of removal" supposedly attached to the

5

Complaint as Exhibit A.  There is no such attachment.  Case No. 3:14-cv-458 is an original action filed in this Court by Ms. Fortkamp and not a removed action.  Furthermore, any attempt to remove a case from the Mercer County Common Pleas Court to this Court would be ineffective, since removal must be to the District and Division within which the action is pending.  As noted above, that would be the Western Division of the Northern District of Ohio.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that this case be dismissed, without prejudice as barred by the Eleventh Amendment as to claims against Judge Ingraham in his official capacity and with prejudice as barred by judicial immunity as to claims against Judge Ingraham in his individual capacity.

The Clerk shall not issue process in this case without further express order of the Court.

February 2, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).