# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

YVONNE FORTKAMP,

                Plaintiff,    :    Case No. 3:15-cv-034

                                  District Judge Walter Herbert Rice
  - vs -                          Magistrate Judge Michael R. Merz

JUDGE JEFFREY R. INGRAHAM,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; CAUTION UNDER RULE 11

        This case is before the Court on Yvonne Fortkamp's Objections (Doc. No. 8) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 9).

        The sole Defendant in this action is The Honorable Jeffrey R. Ingraham, Judge of the Common Pleas Court of Mercer County, Ohio. Because Fortkamp was not clear in her Complaint about the capacity in which she was suing Judge Ingraham, the Magistrate Judge analyzed the matter in the alternative. Ultimately the Report recommended dismissing the case as against Judge Ingraham in his official capacity without prejudice as barred by the Eleventh Amendment. As to any personal capacity claim, the Report recommended dismissal with

1

prejudice as barred by judicial immunity (Report, Doc. No. 3, PageID[1] 43).  Finally, the Report noted that "[t]he gravamen of Ms. Fortkamp's complaint appears to be that Judge Ingraham proceeded with his case involving her residence after she had allegedly removed that case to this Court." *Id.* at PageID 42.

The Objections nowhere address the Eleventh Amendment point in the Report and it stands as unrebutted.

As to judicial immunity, Fortkamp claims, without citation of authority, that "Officials have immunity only in the lower courts.  Title 42 1983 [sic] is for federal offenses by Officials in violation of an individuals [sic] rights." (Objections, Doc. No. 8, PageID 60.)  That argument ignores the citations of authority in the Report.  In *Stump v. Sparkman*, 435 U.S. 349 (1978), the United States Supreme Court expressly held, in a case brought under 42 U.S.C. § 1983, that a judge was immune from liability for violation of the constitutional rights of a young woman by judicially ordering her sterilization, without her knowledge but on the request of her parents. Judges are absolutely immune from personal liability under § 1983 for acts done in their judicial capacities.

Ms. Fortkamp cites the "open courts" provision of the Ohio Constitution, but only the United States Constitution governs what kinds of claims can be brought in federal court. Whether or not the Ohio courts would entertain Ms. Fortkamp's suit against Judge Ingraham is a question only those courts can answer definitively.

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)"  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

Ms. Fortkamp continues to assert that her Notice of Removal was timely filed (Objections, Doc. No. 8, PageID 60).  Indeed, she claims she gave notice to the Mercer County Common Pleas Court "that the case had been removed the day before." *Id.*  She attaches a document labeled Notice of Removal Title 28 U.S.C. § 1446 which bears the time stamp of the Mercer County Clerk of Courts on December 18, 2014, at 11:35.  The Notice refers to this Court's Case No. 3:14-cv-458 (Objections, Doc. No. 8, PageID 63).  That is a case in which Ms. Fortkamp is the Plaintiff and the Defendants are ABN Amro Mtg Group and CitiMortgage, Inc.  Ms. Fortkamp has been advised now several times that filing that case here did **not** effectively remove the Mercer County case to this Court.  As Ms. Fortkamp seems to imply she knows, the governing statute is 28 U.S.C. § 1446, which provides that in order to remove a case to federal court, a defendant must (1) file a notice of removal in federal court, not an original complaint; (2) place in the notice "a short and plain statement of the grounds for removal; (3) attach copies of "all process, pleadings, and orders served upon such defendant. . . ."  Ms. Fortkamp's Complaint in 3:14-cv-458 does not even purport to be a notice of removal – it is plainly labeled "Complaint" and purports to assert original claims against the Defendants under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. 241 and 242, and common law claims for malicious abuse of process, intentional infliction of emotional distress, and mail fraud.  It does not have any pleadings, process, or orders from the Mercer County case attached.  It was filed in the wrong court; removal must be to the district and division where the case is pending and, as this Court has advised Ms. Fortkamp, that it the United States District Court for the Northern District of Ohio, Western Division at Toledo.  It is untimely because 28 U.S.C. § 1446 requires a notice of removal to be filed within thirty days of receipt by a defendant of the initial pleading in a case

being removed and the docket of the Mercer County Common Pleas Court shows the summons and complaint in Case No. 14-CIV-050 was served on Ms. Fortkamp on May 23, 2014.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that this case be dismissed without prejudice under the Eleventh Amendment as to any official capacity claims made against Judge Ingraham and with prejudice as barred by absolute judicial immunity as to any personal capacity claims.

### Caution under Rule 11

Fed. R. Civ. P. 11 provides:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

4

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances.  *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987);  *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991);  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988).  The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Sanctions are appropriate when a party or attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Plaintiff is hereby cautioned to consider carefully further filings in this case to ensure that she is within the bounds set by Fed. R. Civ. P. 11.

February 25, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).